# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JEREMY ROLAND HODGE, # 18270,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 13-cv-00897-MJR** |
| | ) | |
| **BOBBY RAGSDALE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Jeremy Hodge, an inmate who is currently incarcerated at Saline County Jail ("Saline"), brings this *pro se* civil rights action against Defendant Bobby Ragsdale, a Harrisburg, Illinois police officer, pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff claims that Defendant Ragsdale used excessive force against him on December 14, 2012, in violation of the Eighth Amendment (Doc. 1, p. 5). Plaintiff seeks compensatory and punitive damages.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which

relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

After fully considering the allegations in Plaintiff's complaint, the Court deems it appropriate to summarily dismiss one of Plaintiff's claims under to 28 U.S.C. § 1915A.

## **The Complaint**

Plaintiff alleges that Defendant Ragsdale stopped him while he was walking down the street on December 14, 2012 (Doc. 1, pp. 4-5). Plaintiff asked Defendant Ragsdale if he was under arrest, and Defendant Ragsdale told him that he was not (Doc. 1, p. 5). Plaintiff began walking away. Defendant Ragsdale yelled at Plaintiff to "come back," which he did. Plaintiff repeated his question and again confirmed that he was not under arrest.

When Plaintiff began walking away a second time, Defendant Ragsdale placed him in a choke hold. Plaintiff "went to the ground," where Defendant Ragsdale punched him in

the back of his head approximately fifty times. Defendant Ragsdale then struck Plaintiff in the head with a can of mace. Plaintiff sustained a laceration to his forehead and temporarily lost his vision. At the time he filed this lawsuit, Plaintiff still suffered from vision problems, headaches, and head pain. Plaintiff now sues Defendant Ragsdale for violation of his Eighth Amendment rights.

## DISCUSSION

After fully considering the allegations in the complaint, the Court concludes that Plaintiff has stated an Eighth Amendment excessive force claim (**Count 1**) against Defendant Ragsdale. Accordingly, he shall be allowed to proceed with Count 1.

However, Plaintiff's potential Eighth Amendment claim against Defendant Ragsdale for deliberate indifference to Plaintiff's serious medical needs (**Count 2**) fails. The Eighth Amendment of the United States Constitution proscribes cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Id.*

The standard set forth in *Estelle* includes both an objective and a subjective component. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). To satisfy the objective component, Plaintiff must demonstrate that he is suffering from an "objectively, sufficiently serious" medical condition. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotations omitted); *see also Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999). As the Seventh Circuit has made clear, "[a] 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez*, 111 F.3d at 1371. Plaintiff has not alleged that

he is suffering from a serious medical need as a result of Defendant Ragsdale's actions.  For purposes of this threshold analysis, however, the Court will assume without deciding that Plaintiff has satisfied the objective prong of the Eighth Amendment test.

Plaintiff must still satisfy the subjective prong of this inquiry by demonstrating that Defendant Ragsdale displayed deliberate indifference to his medical needs.  Deliberate indifference is equivalent to reckless or intentional conduct.  *Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 765 (7th Cir. 2002).  At a minimum it requires that a prison official "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that the prison official actually drew the inference.  *Brennan*, 511 U.S. at 837.

Even if the Court assumes[1] that Plaintiff's medical condition following the assault was serious, Plaintiff still fails to state a cognizable Eighth Amendment claim against Defendant Ragsdale.  The complaint does not mention an Eighth Amendment claim for deliberate indifference to Plaintiff's medical needs.  The complaint sets forth no allegations addressing Defendant Ragsdale's knowledge of or response to Plaintiff's injuries.  It sets forth no allegations addressing Plaintiff's efforts to put Defendant Ragsdale on notice of his injuries or to request treatment for them.  The complaint is completely silent on this issue.  The claim does not cross "the line between possibility and plausibility."  *Twombly*, 550 U.S. at 570.  Without more, Plaintiff's Eighth Amendment claim against Defendant Ragsdale for deliberate indifference to a serious medical need fails.  Count 2 shall be dismissed without prejudice.

---

[1] For purposes of this Order, it is not necessary to determine whether Plaintiff's forehead laceration, vision problems, or headaches were serious medical conditions.  Plaintiff clearly fails to demonstrate that Defendant Ragsdale displayed deliberate indifference to his medical needs, and his claim fails on that basis.

## DISPOSITION

**IT IS HEREBY ORDERED** that **COUNT 2** is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted.

The Clerk of Court shall prepare for Defendant **RAGSDALE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 18, 2013**

s/ MICHAEL J. REAGAN
United States District Judge