Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy/prejudice/fear/public opinion to influence you. You should not be influenced by any person's race,

color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

The evidence consists of the testimony of the witnesses and the exhibits admitted in evidence.

Certain things are not to be considered as evidence.   I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.   This includes any press, radio, Internet or television reports you may have seen or heard.   Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence.   Lawyers have a duty to object when they believe a question is improper.   You should not be influenced by any objection, and you should not infer from my ruling that I have any view as to how you should decide the case.

Fourth, the lawyers's opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence.   If the evidence as you remember it differs from what the lawyer said, your memory is what counts.

3

Any notes you have taken during this trial are only aids to your memory. The notesare not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

4

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You should use common sense in weighing the evidence and consider the evidence in light of your own observation in life.

In our lives, we often look at one fact and conclude from it that another fact exists.   In law we call this "inference."   A jury is allowed to make reasonable inferences.   Any inference you make must be reasonable and must be based on the evidence in the case.

6

You may have heard the phrases "direct evidence" and "circumstantial evidence."   Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact.   Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining."   Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence.   You should decide how much weight to give to any evidence.   In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all.   You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

-the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

-the witness's memory;

-any interest, bias, or prejudice the witness may have;

-the witness's intelligence;

-the manner of the witness while testifying;

-and the reasonableness of the witness's testimony in light of all the evidence in the case.

You have heard evidence that Jeremy Hodge has been convicted of a crime.   You may consider this evidence only in deciding whether Jeremy Hodge's testimony is truthful in whole, in part, or not at all.   You may not consider this evidence for any other purpose.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Defendant is being sued as an individual. Neither the State, county or city police departments nor State, county, or city is a party to this lawsuit.

11

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

12

In this case, Plaintiff claims that Defendant Bobby Ragsdale used excessive force against him. To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. The Defendant used unreasonable force against Plaintiff;

2. Because of the Defendant use of unreasonable force, Plaintiff was harmed.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff did not prove any one of these things by a preponderance of the evidence, then you should find for the Defendant, and you will not consider the question of damages.

You must decide whether Defendant Bobby Ragsdale's use of force was unreasonable from the perspective of a reasonable officer facing the same circumstances that the Defendant faced. You must make this decision based on what the officer knew at the time of the arrest, not based on what you know now. In deciding whether the Defendant's use of force was unreasonable, you must not consider whether the Defendant's intentions were good or bad.

In performing his job, an officer can use force that is reasonably necessary under the circumstances.

In deciding whether Plaintiff has proved that Defendant used unreasonable force toward Plaintiff, you may consider such factors as:

-the need for the use of force;

-the relationship between the need for the use of force and the amount of force used;

-the extent of the plaintiff's injury;

-any efforts made by the defendant to temper or limit the amount of force;

-the severity of the crime at issue;

-the threat reasonably perceived by the officer

-whether the plaintiff was actively resisting

If you find in favor of Plaintiff, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained and is reasonably certain to sustain in the future as a direct result of Defendants use of excessive force. These are called "compensatory damages."

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

The physical, mental and emotional pain and suffering that Plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical, mental or emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

If you find in favor of Plaintiff but find that the plaintiff has failed to prove compensatory damages, you must return a verdict for Plaintiff in the amount of one dollar ($1.00).

15

If you find for Plaintiff, you may, but are not required to, assess punitive damages against Defendant. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant. You may assess punitive damages only if you find that his conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendants' conduct;

- the impact of Defendants' conduct on Plaintiff;

- the relationship between Plaintiff and Defendants;

- the likelihood that Defendants would repeat the conduct if an award of punitive damages is not made;

- Defendant's financial condition;

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

16

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

I do not anticipate that you will need to communicate with me.   If you do need to communicate with me, the only proper way is in writing.   The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror.   The writing should be given to the marshal, who will give it to me.   I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

18

The verdict must represent the considered judgment of each juror.    Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict.    In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind.    Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong.    But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the p0urpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JEREMY ROLAND HODGE,              )
                                  )
                    Plaintiff,    )
                                  )
        v.                        )    No. 13-897-MJR-SCW
                                  )
BOBBY RAGSDALE,                   )
                                  )
                    Defendant.    )

**VERDICT**

On Plaintiff's excess force claim we find for:


_____            _____
Jeremy Hodge                          Bobby Ragsdale


*(Note: If you found in favor of Plaintiff, please complete the following lines.   If you found*
*in favor of the Defendant, you need only to sign and date the verdict form.)*

We award the plaintiff compensatory damages in the amount of          $_____.

You may not award punitive damages against the defendant unless you have first found

against the defendant and awarded Plaintiff compensatory damages.

We award punitive damages against defendant

        Bobby Ragsdale:                                    $_____

Date: _____

_____
    (Foreperson)                    _____

_____           _____

_____           _____

_____